UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RONALD OWEN BILBREY, JR.


-vs-                                     Case No.  8:93-cr-305-T-17MAP
                                                  8:09-cv-1054-T-17MAP

UNITED STATES OF AMERICA.

_____


**ORDER**

This cause is before the Court on Ronald Owen Bilbrey, Jr's "Writ of Error Audita

Querela Title 28 U.S.C. § 1651." (Doc. No. 1). Although Bilbrey states ""This Is Not a

Motion Pursuant to Title 28 U.S.C. § 2255," the filing is clearly a successive 28 U.S.C. §

2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (See Doc. Sheet

for the Criminal Case and civil cases 8:00-cv-1366 and 8:00-cv-1972).

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism

and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or

successive motion to vacate, set aside, or correct a sentence must move the court of

appeals for an order authorizing the district court to consider the second or successive

motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, §

2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant Bilbrey has not fulfilled the requirements of the statutes as set out above. Accordingly, Bilbrey's construed successive 28 U.S.C. § 2255 motion to vacate (Doc. No. 1) is denied. The Clerk is directed to enter judgment against Bilbrey and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S.

880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on June 11, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:
Jeffrey S. Downing
Pro Se:  Ronald Owen Bilrey, Jr.